**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MERCH TRAFFIC, LLC,<br><br>                               Plaintiff,<br><br>    v.<br><br>THE PARTNERSHIPS and<br>UNINCORPORATED ASSOCIATIONS<br>IDENTIFIED ON SCHEDULE "A",<br><br>                              Defendants. | Case No. 25-cv-01180<br><br>**Chief Judge Virginia M. Kendall**<br><br>**Magistrate Judge Maria Valdez** |

### PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER [25]

Plaintiff Merch Traffic, LLC ("Plaintiff") respectfully requests the Court to reconsider its Order [25] (the "Order") denying in part Plaintiff's Motion for a Temporary Restraining Order, specifically, the requests for a temporary injunction and a temporary asset restraint [14].

### BACKGROUND

On February 5, 2025, the Court denied in part Plaintiff's *Ex Parte* Motion for Entry of a Temporary Restraining Order ("TRO"). [14]. During the motion hearing held on February 12, 2025, the Court raised the propriety of joinder of Defendants in this case. The Court allowed Plaintiff to obtain expedited discovery about Defendants from third-party marketplace platforms, but not an injunction or asset restraint. The Court indicated that it would reconsider the asset restraint if Plaintiff could show the Defendants are connected. However, it is standard practice for the online marketplace platforms to notify account holders when responding to subpoenas or discovery orders. Therefore, Defendants will be alerted about this case at the same moment Plaintiff obtains the discovery needed by the Court to support joinder and an asset restraint. Without an asset restraint in place, Defendants will transfer and/or attempt to transfer funds to off-

1

shore bank accounts outside the jurisdiction of this Court. The asset restraint (without advance notice) is necessary to preserve Plaintiff's right to an equitable accounting of Defendants' ill-gotten profits. The Court's position puts Plaintiff in a bind – Plaintiff can either conduct early, expedited discovery to support its joinder allegations but squander its chance for meaningful relief at the end of the case, or seek an asset restraint against single Defendants in a series of multiplying cases, burdening Plaintiff, Defendants and the Court.

## ARGUMENT

The Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. "At this stage, joinder of Defendants promotes judicial economy while protecting the interests of the parties for a just, speedy, and inexpensive outcome." *Zou v. The Entities, et al.*, No. 23cv16600 (N.D. Ill. Mar. 8, 2024) (ECF No. 60), at 3 (unpublished) (Kendall, J.).[1] "Joinder at this stage is therefore consistent with fairness to the parties." *Id*.

At the same time, "[trademark] law imposes on trademark owners the duty to be pro-active and to police the relevant market for infringers." 1 McCarthy on Trademarks and Unfair Competition § 11:91 (5th ed.). "The trial court's primary function is to make violations of the Lanham Act unprofitable to the infringing party." *Otis Clapp & Son, Inc. v. Filmore Vitamin Co.*, 754 F.2d 738, 744 (7th Cir. 1985).

Consistent with the above, Fed. R. Civ. P. 20(a)(2) provides this Court with the discretion to join Defendants in this case because there is a "logical relationship" between Defendants supporting joinder. *Bose Corp. v. P'ships, et al.*, 334 F.R.D. 511, 516 (N.D. Ill. 2020). Here, there is a "clear logical relationship between Defendants' actions, as each Defendant [infringed

---

[1] Attached hereto as **Exhibit 1** are the unpublished decisions cited herein.

Plaintiff's mark], manufactured counterfeit versions, and set up online stores to sell the counterfeits under a cloak of anonymity.*" Zou*, No. 23cv16600 (ECF No. 60), at 2.

The Seventh Circuit has also long recognized that "the sale of counterfeit merchandise has become endemic—perhaps pandemic" and that even when brand owners finally manage to stop one seller, that a new seller will "spring up, and would continue infringing until enjoined." *Louis Vuitton S.A. v. Lee*, 875 F.2d 584, 588 (7th Cir. 1989). Brand owners are forced to seek *ex parte* TROs because it is one of the few effective mechanisms for effectively combatting offshore Internet counterfeiters, and the only feasible ways to enjoin numerous infringers at once. Plaintiff is aware that there are concerns about the volume of "Schedule A" cases filed in this District.[2] However, the fact that brand owners regularly seek and obtain e*x parte* TROs in this District reflects only the enormous problem of online counterfeiting.

Joinder is within the Court's discretion, and Plaintiff respectfully requests that the Court use its discretion to afford brand owners like Plaintiff, with legitimate and valuable intellectual property, a reasonable opportunity to combat online counterfeiters and make their infringement unprofitable. Putting limitations on or barring brand owners' ability to seek relief will not stop online counterfeiting or "'Schedule A' infringement cases, [which] are federal civil lawsuits and are as important as any other case." *Bigfoot 4x4, Inc. v. The Individuals, et al*., No. 24-cv-02499 (N.D. Ill. Dec. 17, 2024). Instead, it will only encourage infringement because Defendants will rely on having an easy escape hatch to avoid liability, and multiply the number of "Schedule A" cases in this District due to repeat filings for the same group of defendants.

The *Toyota* opinion referenced by the Court applies the requirements for a conspiracy claim into Rule 20 and makes no attempt to define the meaning of "series of…occurrences." *Toyota v.*

---

[2] Plaintiff's counsel is actively attempting to file similar cases for other brand owners in other Districts in an attempt to alleviate the burden on the Courts in the Eastern Division of the Northern District of Illinois.

3

*The P'ships, et al.*, No. 24-cv-09401 (N.D. Ill. Nov. 18, 2024) (ECF No. 27) (unpublished) ("To borrow from the 'hub-and-spoke conspiracy' context, there needs to be a 'rim' connecting the various defendants. A rim would allow one to treat all of the transactions or occurrences as a series, or to hold defendants jointly and severally liable.")  In other words, the *Toyota* Court held that because the Defendants' conduct would not constitute a "hub-and-spoke conspiracy," the conduct does not satisfy Rule 20's series of occurrences test. *Id.*  Moreover, the *Toyota* decision does not appreciate that the rationale of *Bose*'s swarm analogy was not based on the literal nature of BitTorrent technology, but that the "common, surreptitious conduct is the 'defining aspect of the harm' alleged by [Plaintiff] and [that is what] creates a logical relationship among the parties and claims[.]" *Neman Brothers & Associates, Inc. v. The P'ships, et al.*, No. 24-cv-05666 (N.D. Ill. Dec. 10, 2024) (ECF No. 100) (unpublished) (Tharp) (citing *Bose*, 334 F.R.D at 517).  Last, the *Toyota* Court downplays facts supporting joinder as mere coincidences instead of making inferences in Plaintiff's favor.

Under these judicially inserted limitations on Rule 20, a plaintiff would need to establish that multiple e-commerce store seller aliases are operated by the **same** individual or entity, *i.e.*, a single defendant operating multiple e-commerce stores.  However, Rule 20 permits courts to join multiple different "logically related" defendants in a single lawsuit without any additional narrowing limitations.  It does not require that any Defendants be "acting in concert" or part of a conspiracy.  Moreover, Defendants' entire operation depends on high-level market and supply chain coordination and cooperation. *Neman Brothers & Associates, Inc. v. The P'ships, et al.*, No. 24-cv-05666 (N.D. Ill. Jan. 23, 2024) (ECF No. 112), at 2 (unpublished). When Congress has determined to limit joinder of defendants under Rule 20, it has expressly enacted requirements for

where those limitations apply. For example, in 2012, the Leahy-Smith America Invents Act[3], among other things, limited joinder of defendants in patent infringement cases to those "offering for sale, or selling of the same accused product or process." *See* 35 U.S.C. § 299(a)(1). If Congress had intended to prohibit brand owners from bringing trademark infringement actions against logically connected groups of defendants, it would have done so. *See Romag Fasteners, Inc. v. Fossil Grp., Inc*., 140 S. Ct. 1492, 1495 (2020) ("Nor does this Court usually read into statutes words that aren't there.").

Finally, Defendants do not face any prejudice or delay from being joined at this stage. *Zou*, No. 23cv16600 (ECF No. 60), at 2 ("In addition to the two requirements of Rule 20(a)(2), the Court also considers whether joinder would prejudice any party or result in needless delay."); *Neman Brothers & Associates, Inc.*, No. 24-cv-05666 (ECF No. 100), at 5 ("[defendant] also does not point to any prejudice or expense it will incur if joinder is permitted, nor does the Court see any."); *Neman Brothers & Associates, Inc.*, No. 24-cv-05666 (ECF No. 112) ("The Court also cannot see any prejudice or expense the defendants will incur if joinder is permitted, particularly in the nascent stages of this action."). Plaintiff would seek the same relief against Defendants, regardless of whether they are joined in one case. The inevitable result if the Court does not permit joinder, is that Plaintiff will incur undue expense and delay, and court dockets would have additional cases.

For the foregoing reasons, Plaintiff respectfully requests that the Court reconsider its Order [25] and enter the Temporary Restraining Order as submitted, with an injunction and asset restraint. Alternatively, Plaintiff respectfully requests that the Court grant it leave to file an

---

[3] This Act also adds limitations on venue for bringing a patent infringement action.

amended complaint against a single defendant and that a temporary restraining order (including an injunction and asset restraint) be entered against that defendant.

Dated this 14th day of February 2025.    Respectfully submitted,

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Kahlia R. Halpern
Luana Faria de Souza
Greer, Burns & Crain, Ltd.
200 West Madison Street, Suite 2100
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
khalpern@gbc.law
lfaria@gbc.law

*Counsel for Plaintiff Merch Traffic, LLC*